UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIE BASCLE AND DEREK BASCLE | * | CIVIL ACTION NO: 23-5711 |
| | * | |
| VERSUS | * | SECTION: R |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY | * | MAGISTRATE: 5 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, STATE FARM FIRE AND CASUALTY COMPANY (State Farm), who appears for the purposes of filing this Answer and Affirmative Defenses and who respectfully avers:

Answering the severally numbered articles of the complaint of JULIE BASCLE AND DEREK BASCLE (Plaintiffs) State Farm respectfully avers:

## PARTIES

1.

State Farm does not contest the allegations of Paragraph 1 regarding Plaintiffs' domicile.

2.

State Farm does not contest the allegations of Paragraph 2 regarding its citizenship but further avers that it is a foreign corporation organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois and is licensed to do and doing business in Louisiana.  State Farm admits that it may be served through the Louisiana Secretary of State.

## JURISDICTION AND VENUE

3.

State Farm denies the allegations of Paragraph 3 as written.

State Farm State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. However, State Farm admits that this Court has subject matter jurisdiction over this case because the parties to this dispute are totally diverse and the amount in controversy exceeds seventy-five thousand dollars. State Farm further avers that this Court has personal jurisdiction over State Farm because it is authorized to do and doing business in the State of Louisiana.

Except as admitted, State Farm denies the allegations of Paragraph 3.

4.

State Farm denies the allegations of Paragraph 4 as written.

State Farm denies any "omissions" or that it is liable to Plaintiffs for either contractual or statutory damages. However, State Farm does not contest that venue is proper in the Eastern District of Louisiana.

Except as admitted, State Farm denies the allegations of Paragraph 4.

## **RELEVANT FACTS**

5.

State Farm denies the allegations of Paragraph 5 as written.

State Farm does not contest the allegations of Paragraph 5 regarding Plaintiffs' ownership of the property located at 125 Lecompte Drive, Bourg, LA 70343. State Farm reserves the right to amend this response upon receiving new information.

Except as admitted, State Farm denies the allegations of Paragraph 5.

6.

State Farm denies the allegations of Paragraph 6 as written.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 for the property located at 125 Lecompte Drive, Bourg, LA 70343 which was in force and effect on August 29, 2021. State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions. State Farm denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 6.

7.

State Farm denies the allegations of Paragraph 7 as written.

State Farm admits that Hurricane Ida made landfall on or around August 29, 2021.

State Farm does not dispute that the Plaintiffs' property sustained damages as a result of Hurricane Ida.

Except as admitted, State Farm denies the allegations of Paragraph 7.

8.

State Farm denies the allegations of Paragraph 8 as written.

State Farm admits it received notice of Plaintiffs' Hurricane claim on or around September 2, 2021.

Except as admitted, State Farm denies the allegations of Paragraph 8.

9.

State Farm denies the allegations of Paragraph 9 as written.

State Farm admits that it prepared an estimate of damages on or around July 3, 2023. State Farm avers that the estimate, as a written document, is the best evidence of its contents.

Except as admitted, State Farm denies the allegations of Paragraph 9.

10.

State Farm denies the allegations of Paragraph 10 as written.

State Farm does not dispute the allegations of Paragraph 10 regarding Plaintiffs retainment of Coleman Roofing & Construction, LLC.  State Farm avers that the estimate, as a written document, is the best evidence of its contents.

Except as admitted, State Farm denies the allegations of Paragraph 10.

11.

State Farm denies the allegations of Paragraph 11 as written.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 11.

12.

State Farm denies the allegations of Paragraph 12.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 12.

13.

State Farm denies the allegations of Paragraph 13.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is

the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 13.

14.

State Farm denies the allegations of Paragraph 14.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 14.

15.

State Farm denies the allegations of Paragraph 15.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 15.

16.

State Farm denies the allegations of Paragraph 16.

17.

State Farm denies the allegations of Paragraph 17.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is

the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 17.

18.

State Farm denies the allegations of Paragraph 18.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 18.

## CAUSES OF ACTION

## A.  BREACH OF THE INSURANCE CONTRACT

19.

State Farm re-asserts its responses to Paragraphs 1-18, as if re-stated herein.

20.

State Farm denies the allegations of Paragraph 20.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is

the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 20.

21.

State Farm denies the allegations of Paragraph 21 as written.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 21.

22.

State Farm denies the allegations of Paragraph 22.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 22.

23.

State Farm denies the allegations of Paragraph 23.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is

the best evidence of its contents, including its coverages, exclusions and conditions. State Farm denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 23.

24.

State Farm denies the allegations of Paragraph 24.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021. State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions. State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 24.

25.

State Farm denies the allegations of Paragraph 25.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021. State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions. State Farm denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

Except as admitted, State Farm denies the allegations of Paragraph 25.

26.

State Farm denies the allegations of Paragraph 26.

## B.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS

27.

State Farm re-asserts its responses to Paragraphs 1-26, as if re-stated herein.

28.

State Farm denies the allegations of Paragraph 28.

State Farm admits that LA-RS Sections 22:1892 and 22:1973 impose statutory duties on State Farm and admits that the statutes are the best evidence of same and denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages.

Except as admitted, State Farm denies the allegations of Paragraph 28.

29.

State Farm denies the allegations of Paragraph 29 as written.

State Farm admits that LA-RS Section 22:1973 imposes statutory duties on State Farm and admits that the statute is the best evidence of same and denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 29.

30.

State Farm denies the allegations of Paragraph 30 as written.

State Farm admits that LA-RS Section 22:1973 imposes statutory duties on State Farm and admits that the statute is the best evidence of same and denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 30.

31.

State Farm denies the allegations of Paragraph 31 as written.

State Farm admits that LA-RS Section 22:1892 imposes statutory duties on State Farm and admits that the statute is the best evidence of same and denies everything in variance therewith.

Except as admitted, State Farm denies the allegations of Paragraph 31.

32.

State Farm denies the allegations of Paragraph 32.

State Farm admits that LA-RS Sections 22:1892 and 22:1973 impose statutory duties on State Farm and admits that the statutes are the best evidence of same and denies everything in variance therewith.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages.

Except as admitted, State Farm denies the allegations of Paragraph 32.

33.

State Farm denies the allegations of Paragraph 33.

State Farm admits that it issued insurance Policy Number 18-C6-6361-6 which was in force and effect on August 29, 2021.  State Farm avers that the policy, as a written contract, is the best evidence of its contents, including its coverages, exclusions and conditions.  State Farm denies everything in variance therewith.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages.

Except as admitted, State Farm denies the allegations of Paragraph 33.

34.

State Farm denies the allegations of Paragraph 34.

State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages.

Except as admitted, State Farm denies the allegations of Paragraph 34.

35.

State Farm denies the allegations of Paragraph 35.

## DAMAGES

36.

State Farm re-asserts its responses to Paragraphs 1-35, as if re-stated herein.

37.

State Farm denies the allegations of Paragraph 37, including those in subparts a-h.

38.

State Farm denies that Plaintiffs are entitled to the relief sought in their prayer for relief found in the "WHEREFORE" paragraph and its subparts immediately following Paragraph 37.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The claims stated in the Complaint are based on a contract of insurance between the parties. State Farm avers that the policy issued to Plaintiffs, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

## **SECOND DEFENSE**

Certain damages sought by Plaintiffs were not caused by a covered cause of loss pursuant to the terms and conditions of the applicable State Farm insurance policy.

## **THIRD DEFENSE**

State Farm avers that the insurance policy at issue states the following:

### **SECTION I – PROPERTY COVERAGES**

***

**COVERAGE C – LOSS OF USE**

The most *we* will pay for the sum of all losses combined under **Additional Living Expense, Fair Rental Value**, and **Prohibited Use** is the limit of liability shown in the *Declarations* for **Coverage C – Loss of Use.**

1.   **Additional Living Expense**. When a *loss insured* causes the *residence premises* to become uninhabitable, *we* will pay the reasonable and necessary increase in cost incurred by an *insured* to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

   a.    the time required to repair or replace the premises;

   b.    the time required for *your* household to settle elsewhere; or

   c.    24 months.

   This period of time is not limited by the expiration of this policy.

   *We* will not pay more than the limit of liability shown in the *Declarations* for *Coverage C – Loss of Use*.  Any normal expenses that are reduced or discontinued due to a *loss insured* will be subtracted from any amount owed.

2.   **Fair Rental Value**. When a *loss insured* causes that part of the residence premises rented to others or held for rental by you to become uninhabitable, *we* will pay its fair rental value. Payment will be for the shortest time required to repair or replace the part of the premises rented or held for rental, but not to exceed 12 months. This period of time is not limited by the expiration of this policy. Fair rental value will not include any expense that does not continue while that part of the residence premises rented or held for rent is uninhabitable.

3.    **Prohibited Use.  *We*** will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits ***your*** use of the ***residence premises***, provided that:

    a.    direct physical damage occurs to any property, other than covered property located on the ***residence premises***, arising from a cause of loss that would be a ***loss insured*** under this policy if the damage had occurred to the property on the ***residence premises;***

    b.    the ***residence premises*** is within one mile of property damaged by a cause of loss identified in 3.a. above; and

    c.    the action of the civil authority is take in response to:

        (1)    dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

        (2)    dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above;

        (3)    the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

***We*** will not pay for loss or expense due to cancellation of a lease or agreement.

## SECTION I – ADDITIONAL COVERAGES

The following Additional Coverages are subject to all the terms, provisions, exclusions, and conditions of this policy.

1.    **Debris Removal.  *We*** will pay the reasonable expenses ***you*** incur in the removal of debris of covered property damaged by a ***loss insured***.  This expense is included in the limit applying to the damaged property.  The following coverages and limits also apply:

    a.    When the amount payable for the property damage plus the debris removal exceeds the limit for damaged property, an additional 5% of that limit is available for debris removal expense.  This additional amount of insurance does not apply to **SECTION I – ADDITIONAL COVERAGES, Trees, Shrubs, and Landscaping.**

    *b.*    ***We*** will also pay up to $1,000 total for each loss to cover the reasonable expense ***you*** incur in the removal of tree debris and stumps from the ***residence premises***, unless otherwise excluded.  This coverage applies when:

        (1)    the tree has caused a ***loss insured*** to Coverage A property; or

        (2)    the tree debris felled by windstorm, hair, or weight of snow or ice blocks:

(a)     the driveway, on the ***residence premises***, and prevents land ***motor vehicle*** access to or from the ***dwelling***; or

(b)     a ramp designed to assist persons with disabilities, on the r***esidence premises***, and prevents access to or from a ***building structure***.

2.    **Temporary Repairs**.  If damage is caused by a ***loss insured***, ***we*** will pay the reasonable and necessary cost ***you*** incur for temporary repairs to covered property to protect the property from further immediate damage or loss.  This coverage does not increase the applying to the property being repaired.

3.    **Trees, Shrubs, and Landscaping.**  ***We*** will pay for accidental direct physical loss to outdoor:

a.     trees, shrubs, live or artificial plants, and lawns;

b.     artificial grass; and

c.     hardscape property used for aesthetic purposes not permanently affixed to realty;

on the ***residence premises***, caused by the following perils:  **Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles** (not owned or operated by a resident of the ***residence premises***)**, Vandalism or malicious mischief,** or **Theft**.

The limit for this coverage, including the removal of debris, will not exceed 5% of the amount shown in the ***Declarations*** for **COVERAGE A – DWELLING.**  ***We*** will not pay more than $750 for any one outdoor tree, shrub, plant, or hardscape item, including debris removal expense.  This coverage may increase the limit otherwise applicable.  ***We*** will not pay for any loss to property grown for ***business*** purposes.

                                                     ***

7.    **Power Interruption.**  We will pay for accidental direct physical loss caused directly or indirectly by a change of temperature that results from power interruption that takes place on the ***residence premises.***  The power interruption must be caused by a ***loss insured*** occurring on the ***residence premises.***  The power lines off the ***residence premises*** must remain energized.  This coverage does not increase the limit applying to the damaged property.

8.    **Refrigerated Products.**  Coverage B is extended to cover the contents of deep freeze or refrigerated units on the ***residence premises*** for loss due to power failure or mechanical failure.  If mechanical failure or power failure is known to ***you,*** all reasonable means must   be used to protect the property insured from further damage or this coverage is void.  Power   failure or mechanical failure does not include:

     a.      removal of a plug from an electrical outlet; or

     b.      turning off an electrical switch unless caused by a ***loss insured.***

This coverage does not increase the limit applying to the damaged property.

***

11.   Collapse.  ***We*** will pay for accidental direct physical loss to covered property involving the abrupt, entire collapse of a ***building structure*** or any part of a ***building structure.***

   a.  Collapse means the abrupt and entire falling down, caving in, or falling into pieces of a ***building structure*** or any part of a ***building structure.***  Collapse does not include any of the following:

      (1)    settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending;

      (2)    substantial structural impairment;

      (3)    imminent or threatened collapse;

      (4)    a ***building structure*** or any part of a ***building structure*** that is in danger of falling down or caving in; or

      (5)    a part of a **building structure** that is standing even if:

         (a)  it has separated from another part of the ***building structure***; or

         (b) it shows evidence of settling, cracking, crumbling, deterioration, shrinking, bulging, expansion, sagging, bowing, leaning, or bending.

   b.  The collapse must be directly and immediately caused by one or more of the following:

      (1)    perils described in **SECTION I – LOSSES INSURED, COVERAGE B – PERSONAL PROPERTY.**  These perils apply to ***building structures*** covered under Coverage A or Coverage B for loss insured by this Additional Coverage;

      (2)    decay or deterioration of, or damage from animals, birds, or insects to:

         (a)    a connector; or

         (b)    a structural member of a ***building structure;***

         The decay, deterioration, or damage must be hidden from view and unknown to all ***insureds*** prior to the collapse;

(3)    weight of contents, equipment, animals, or people;

(4)    weight of ice, snow, sleet, or rain that collects on a roof, porch, or deck; or

(5)    use of defective material or methods in the construction (includes remodeling or renovation) of the ***building structure,*** if the collapse occurs during the course of the construction of the ***building structure***.

Loss to awnings, fences, patios, pavement, swimming pools, underground pipes, flues, drains, cesspools, septic tanks, foundations (including slabs, basement walls, and crawl space walls), retaining walls, bulkheads, piers, wharfs, docks, trellises, or antennas and their supporting structures is not included under items (2), (3), and (4) immediately above unless the loss is the direct and immediate result of the collapse of a ***building structure*** or any part of a ***building structure.***

This coverage does not increase the limit applying to the damaged property.

## <u>FOURTH DEFENSE</u>

State Farm pleads the following limitations, conditions and exclusions as to Section I

Conditions are applicable:

## SECTION I – CONDITIONS

1.    **Insurable Interest and Limit of Liability.**  Even if more than one person has an insurable interest in the property covered, we shall not be liable:

a.    to the insured for an amount greater than the insured's interest; or

b.    for more than the applicable limit of liability.

2.    **Your Duties After Loss**.  After a loss to which this insurance may apply, ***you*** must cooperate with us in the investigation of the claim and also see that the following duties are performed:

***

b.    protect the property from further damage or loss, and also;

(1)    make reasonable and necessary temporary repairs required to protect the property; and

(2)    keep an accurate record of repair expenses;

c.    prepare an inventory of damaged or stolen personal property.

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and

(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d. as often as *we* reasonably require:

(1) exhibit the damaged property;

(2) provide *us* with any requested records and documents and allow *us* to make copies;

(3) while not in the presence of any other **insured:**

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the ***insured's*** household or others for examination under oath to the extent that it is within the ***insured***'s power to do so; and

e. submit to *us,* within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:

(1)  the time and cause of loss;

(2) interest of the ***insured*** and all other in the property involved and all encumbrances on the property;

(3) other insurance that may cover the loss;

(4) changes in title or occupancy of the property during the term of this policy;

(5) specifications of any damaged structure and detailed estimates for repair of the damage;

(6) an inventory of damaged or stolen personal property described in 2.c;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

***

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss of us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

\*\*\*

5.     **Other Insurance.**  If a loss covered by this policy is also covered by other insurance, *we* will pay only *our* share of the loss.  *Our* share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

6.     **Suit Against Us**.  No action will be brought against *us* unless there has been full compliance with all of the policy provisions.  Any action by any part must be started within two years after the date of loss or damage.

7.     **Our Option**.  *We* may repair or replace any part of the property damaged or stolen with property of like kind and quality.  Any property *we* pay for or replace becomes *our* property.

8.     **Loss Payment**.  *We* will adjust all losses with *you*.  *We* will pay *you* unless some other person is named in the policy or is legally entitled to receive payment.  The undisputed portion of the loss will be payable 30 days after *we* receive the satisfactory sworn statement of loss.

\*\*\*

10.     **Mortgagee Clause.**  The word "mortgagee" includes trustee.

    a.     If a mortgage is named in this policy, any loss payable under Coverage A will be paid to the mortgagee and *you,* as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

    b.     If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

        (1)     notifies *us* of any change in ownership, occupancy, or substantial change in risk of which the mortgagee is aware;

        (2)     pays on demand any premium due under this policy, if *you* have not paid the premium; and

(3)    submits a signed, sworn statement of loss within 60 days after receiving notice from *us* of *your* failure to do so.  Policy conditions relating to **Appraisal, Suit Against Us,** and **Loss Payment** apply to the mortgagee.

c.    If *we*:

    (1)    cancel this policy, the mortgagee will be notified at least:

        (a)    10 days before the date cancellation takes effect if the policy is cancelled for nonpayment of premium; or

        (b)    30 days before the date cancellation takes effect if the policy is cancelled for any other reason;

    (2)    nonrenew this policy, the mortgagee will be notified at least 30 days before the expiration date of this policy.

Proof of mailing will be proof of notice.

d.    If *we* pay the mortgagee for any loss and deny payment to *you*:

    (1)    *we* are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

    (2)    at *our* option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest.  In this event, *we* will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

e.    Subrogation does not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

## FIFTH DEFENSE

State Farm avers that the insurance policy at issue states the following:

## SECTION I – LOSS SETTLEMENT

Only the **Loss Settlement Provisions** shown in the ***Declarations*** will apply.  ***We*** settle covered property losses according to the following.  However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for ***diminution of value***.

## COVERAGE A- DWELLING

1.    **A1 – Replacement Cost Loss Settlement – Similar Construction**

a.      We will pay the cost to repair or replace with like kind and quality for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

   (1)      until actual repair or replacement is completed, we will pay only the actual cash value of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

   (2)      when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

   (3)      to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

   (4)      we will not pay for increased costs resulting from enforcement of any ordinance or law regulating construction, repair, or demolition of a building structure or other structure, except as provided under OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.

b.      Wood Fences: We will pay the actual cash value for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A – Other Structures

***

**COVERAGE B – PERSONAL PROPERTY**

1.      **B1 – Limited Replacement Cost Loss Settlement**.

a.      *We* will pay the cost to repair or replace property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY** with property of like kind and quality, except for property listed in item b. below, subject to the following:

   (1)      until repair or replacement is completed, *we* will pay only the ***actual cash value*** of the damaged property;

   (2)      after repair or replacement is completed, *we* will pay the difference between the ***actual cash value*** and the cost you have actually and necessarily spent to repair or replace the property; and

(3)    if property is not repaired or replaced within two years after the date of loss, *we* will pay only the ***actual cash value***.

b.    *We* will pay market value at the time of loss for:

(1)    antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;

(2)    articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and

(3)    property not useful for its intended purpose.

However, *we* will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1)    ***our*** cost to replace at the time of loss;

(2)    the full cost of repair;

(3)    any special limit of liability described in this policy; or

(4)    any applicable Coverage B limit of liability.

## <u>SIXTH DEFENSE</u>

State Farm pleads the following Endorsement Option OL – Building Ordinance or Law:

**Option OL – Building Ordinance or Law.**

1.    **Coverage Provided.** The total limit of insurance provided by this option will not exceed an amount equal to the Option OL percentage shown in the ***Declarations*** of the Coverage A limit shown in the ***Declarations*** at the time of the loss, as adjusted by the Inflation Coverage provisions of this policy. This is an additional amount of insurance and applies to ***building structures*** on the ***residence premises.***

2.    **Damaged Portions of Building Structure.** When a building structure covered under **COVERAGE A – DWELLING** is damaged by a ***loss insured***, *we* will pay for the increased cost to repair or rebuild physically damaged portion of the ***building structure*** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same ***loss insured*** and the requirement is in effect at the time the ***loss insured*** occurs.

3. **Undamaged Portions of Damaged *Building Structure*.** When a ***building structure*** covered under **COVERAGE A – DWELLING** is damaged by a ***loss insured, we*** will also pay for:

a. the cost to demolish and clear the site of the un-damaged portions of the ***building structure*** caused by the enforcement of a building, zoning, or land use ordinance or law if the enforcement is directly caused by the same ***loss insured*** and the requirement is in effect at the time the ***loss insured*** occurs; and

b. loss to the undamaged portion of the building structure caused by enforcement of any ordinance or law if:

    (1) the enforcement is directly caused by the same ***loss insured;***

    (2) the enforcement requires the demolition of portions of the same ***building structure*** not damaged by the same ***loss insured***;

    (3) the ordinance or law regulates the construction or repair of the ***building structure***, or   establishes zoning or land use requirements at the described premises; and

    (4) the ordinance or law is in force at the time of the occurrence of the same **loss insured**; or

c. legally required changes to the undamaged portion of the ***building structure*** caused by the  enforcement of a building, zoning, or land use ordinance or law, if:

    (1) the enforcement is directly caused by the same ***loss insured***;

    (2) the requirement is in effect at the time the ***loss insured*** occurs; and

    (3) the legally required changes are made to the undamaged portions of specific ***building     structure*** features, systems, or components that have been physically damaged by the ***loss     insured***.

*We* will not pay for legally required changes to specific ***building structure*** features, systems, or components that have not been physically damaged by the ***loss insured***.

4. **Building Ordinance or Law Coverage Limitations.**

a. *We* will not pay for any increased cost of construction:

    (1) until the building structure is actually repaired or replaced at the same or another premises in the same general vicinity;

    (2) unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years; and

    (3) due to any original or subsequent construction, additional, modification, renovation, re-model, or repair to a ***building structure*** that did not comply

with a building, zoning, or land use ordinance or law in effect when the construction, addition, modification, renovation, remodel, or repair was performed.

b.    *We* will not pay more under this coverage than the amount *you* actually spend:

(1)    for the increased cost to repair or rebuild the ***building structure*** at the same or an-other premises in the same general vicinity if relocation is required by ordinance or law; and

(2)    to demolish and clear the site of the undamaged portions of the ***building structure*** caused        by enforcement of building, zoning, or land use ordinance or law.

*We* will not pay for more than a ***building structure*** of the same height, floor area, and style on the same or similar premises as the ***building structure***, subject to the limit provided in paragraph 1.  **Coverage Provided** of this option.

State Farm pleads the following Endorsement Option ID – Increased Dwelling Limit:

**Option ID – Increased Dwelling Limit**

**Option ID – Increased Dwelling Limit.  *We*** will settle losses to damaged building structures covered under **COVERAGE A – DWELLING** according to the **Loss Settlement Provision** shown in the ***Declarations***.

*1.*    If the amount ***you*** actually and necessarily spend to repair or replace the damaged ***dwelling*** exceeds the limit of liability shown in the ***Declarations*** for Coverage A – Dwelling, *we* will pay the additional amounts not to exceed the Option ID limit shown in the ***Declarations.***

*2.*    If the amount ***you*** actually and necessarily spend to repair or replace damaged ***building structures*** covered under **COVERAGE A – DWELLING**, **Other Structures** exceeds the limit of liability shown in the ***Declarations*** for Other Structures, *we* will pay the additional amounts not to exceed 10% of the Option ID limit shown in the ***Declarations.***

**Report Increased Values.  *You*** must notify *us* within 90 days of the start of construction on any new ***building structure*** costing $5,000.00 or more; or any additions to or remodeling of ***building structures*** that increase their values by $5,000.00 or more.  ***You*** must pay any additional premium due for the increased value.  ***We*** will not pay more than the applicable limit of liability shown in the ***Declarations*** if ***you*** fail to notify *us* of the increased value within 90 days.

<u>**SEVENTH DEFENSE**</u>

State Farm avers that that insurance policy at issue excludes the following losses:

## COVERAGE A – DWELLING

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. However, loss does not include and *we* will not pay for, any *diminution in value*.

## SECTION I – LOSSES NOT INSURED

1.      *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\*\*\*

     f.      seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

        (1)      and is:

           (a)      continuous;
           (b)      repeating;
           (c)      gradual;
           (d)      intermittent;
           (e)      slow; or
           (f)      trickling; and

        (2)      from a:

           (a)      heating, air conditioning, or automatic fire protective sprinkler system;
           (b)      household appliance; or
           (c)      plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors.

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

     g.      wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

     h.      corrosion, electrolysis, or rust;

     i.      wet or dry rot;

***

k.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

l.    all animals, birds, or insects.

    (1)    This includes:

        (a)    nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

        (b)    costs to remove animals, birds, or insects from the covered property; and

        (c)    costs to prevent the animals, birds, or insects from returning to the property;

    (2)    However, *we* will pay for:

        (a)    losses caused by wild bears or deer; and

        (b)    the breakage of glass or safety glazing material that is a part of a ***building structure***, when caused by animals, birds, or insects;

m.    pressure from or presence of tree, shrub, or plant roots; or

***

However, *we* will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured by this Section.

2.    *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the ***residence premises***, arises from any natural or external forces, or occurs as a result of any combination of these:

a.    **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a ***building structure*** or other structure.

b.    **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth.  Earth movement includes but is not limited to:

***

(3)    sinkhole or subsidence;

***

(5)    erosion;

***

However, *we* will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a ***loss insured***.

c.    **Water,** meaning:

(1)    flood;

(2)    surface water.  This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;

(3)    waves (including tidal wave, tsunami, and seiche);

(4)    tides or tidal water;

(5)    overflow of any body of water (including any release, escape, or rising of any body of water, or any water held, contained, controlled, or diverted by a dam, levee, dike, or any type of water containment, diversion, or flood control device);

(6)    spray or surge from an of the items c.(1) through c.(5) described above, all whether driven by wind or not;

***

However, *we* will pay for any accidental direct physical loss by fire, explosion, or theft resulting from water, provided the resulting loss is itself a ***loss insured***.

d.    **Neglect,** meaning neglect of the ***insured*** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

***

g.    Fungus, including:

(1)    any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at

the *residence premises* or location of the rebuilding, repair, or replacement, by *fungus*;

(2)     any remediation of *fungus*, including the cost to:

    (a)     remove the *fungus* from covered property or to repair, restore, or replace that property; or

    (b)     tear out and replace any part of the *building structure* or other property as needed to gain access to the *fungus*; or

(3)     the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of *fungus*, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

\*\*\*

3.     *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.     conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b.      defect, weakness, inadequacy, fault, or unsoundness in:

    (1)     planning, zoning, development, surveying, or siting;

    (2)     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

    (3)     materials used in repair, construction, renovation, remodeling, grading, or compaction; or

    (4)     maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the *residence premises*; or

c.     weather conditions.

However, *we* will pay for any resulting loss from items 3.a., 3.b., and 3.c. unless the resulting loss is itself a Not Insured as described in this Section.

## EIGHTH DEFENSE

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives.  If Plaintiffs have suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for whom State Farm is not responsible.

## NINTH DEFENSE

State Farm had no general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' complaint.   Further, assuming arguendo that State Farm had general and/or specific duties to the insured under the facts alleged, no such duties were breached.

## TENTH DEFENSE

State Farm avers that if any of the Plaintiffs' damages are the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## ELEVENTH DEFENSE

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under this insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit and/or a set-off of all amounts previously paid.

## TWELFTH DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentation.  Plaintiffs are presumed to know the terms and conditions of their insurance policy.

**THIRTEENTH DEFENSE**

Plaintiffs' recovery pursuant to the policy issue, if any, is limited to any previously uncompensated losses covered by such policy.  Plaintiffs may not recover for losses previously compensated under any policy providing insurance, and State Farm reserves the right to seek an offset for such payments.

**FOURTEENTH DEFENSE**

State Farm adjusted Plaintiffs' claim in good faith, and in accordance with the terms and conditions of the applicable State Farm insurance policy, and in compliance with applicable statutory jurisprudential law.

**FIFTEENTH DEFENSE**

Plaintiffs have no statutory or jurisprudential right of action to recover attorney's fees or penalties under the facts of this case.

**SIXTEENTH DEFENSE**

The complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

**SEVENTEENTH DEFENSE**

To the extent that Plaintiffs alleges that State Farm or any of its agents or representatives made misrepresentations or misled him/her about coverage for Plaintiffs' damages or the scope of the policy's conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded.  The insured is responsible for reading the policy and presumed to know its terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentation of State Farm or its agent or representatives about the types of coverage they had when they were in possession of a policy which made clear indication to the contrary.

## EIGHTEENTH DEFENSE

Although State Farm denies that State Farm, in any manner, breached its contractual or statutory duties to Plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## NINETEENTH DEFENSE

Should it be shown that Plaintiffs have made any material misrepresentations in connection with the claim for recovery of damages under the State Farm policy, State Farm pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy, which are pled as if copied in its entirety.

## TWENTIETH DEFENSE

To the extent that Plaintiffs were insured under a flood insurance policy and received payment pursuant to such policy for such losses, Plaintiffs are estopped from asserting a claim that any losses previously compensated under their flood insurance policy were caused by wind.

## TWENTY-FIRST DEFENSE

Plaintiffs are responsible for reading their policy, as well as any renewal notices, and is presumed to know the provisions of the policy, including the insurer's limit of liability and may not avail himself/herself of ignorance of the policy or law.

## TWENTY-SECOND DEFENSE

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of the policy.

## TWENTY-THIRD DEFENSE

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured.  To the extent that the Plaintiffs have breached these provisions, any alleged coverage is precluded under the State Farm policy and are pled herein as if copies in full.

## TWENTY-FOURTH DEFENSE

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of the coverage, the failure to properly communicate to State Farm, the State Farm agent, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

## TWENTY-FIFTH DEFENSE

Plaintiffs have knowledge of what coverage they had if not upon signing the application for coverage, then upon receipt of the premium notice, declaration page and/or renewal certificate for every year thereafter.

## TWENTY-SIXTH DEFENSE

Should it be found that the damages sought by Plaintiffs was caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

## TWENTY-SEVENTH DEFENSE

State Farm avers the affirmative defense of prescription or preemption.

## TWENTY-EIGHTH DEFENSE

State Farm avers that Plaintiffs' claims are premature.

## TWENTY-NINTH DEFENSE

State Farm avers the affirmative defense of want of amicable demand.

## THIRTIETH DEFENSE

To the extent that the Plaintiffs have received insurance benefits pursuant to a flood policy for damages to structures and contents, the Plaintiff is estopped from alleging the same and/or similar losses are caused by wind damage.

## JURY TRIAL REQUEST

State Farm requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

State Farm gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

WHEREFORE, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, dismissing Plaintiffs' claims with prejudice and at their costs, and for all general and equitable relief.

Respectfully submitted:

**S/Gina L. Signorelli**
**PATRICK D. DeROUEN (#20535)** *Lead Counsel*
**CHAD J. PRIMEAUX (#30024)**
**GINA L. SIGNORELLI (#38892)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
        cprimeaux@derouenlaw.com
        gsignorelli@derouenlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 30, 2023 a copy of the above and foregoing was served

on all counsel of record by the electronic filing system/ECF.

**<u>S/Gina L. Signorelli</u>**
**GINA L. SIGNORELLI, ESQUIRE**